UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF PEORIA, CITY OF PEORIA ZONING BOARD OF APPEALS, and CITY OF PEORIA SITE PLAN REVIEW BOARD,<br><br>        Defendants. | Case No. 16-1337 |

## ORDER AND OPINION

This matter is now before the Court on Defendants' Motion [14] to Dismiss or Strike Plaintiff's Amended Complaint, and Plaintiff's Motion [27] Requesting Judicial Notice. For the reasons set forth below, Defendants' Motion [14] is DENIED, and Plaintiff's Motion [27] is GRANTED in part and DENIED in part.

### BACKGROUND

The Plaintiff in this action is Cellco Partnership, who does business as Verizon Wireless ("Verizon"). Defendants are the City of Peoria, the City of Peoria Zoning Board of Appeals ("ZBA"), and the City of Peoria Site Plan Review Board ("SPRB"). For the purposes of this Order, the Defendants will be referred to collectively as "the City." Presently before the Court are Defendants' Motion to Dismiss (Doc. 14) and Plaintiff's Motion to Request Judicial Notice (Doc. 27). In the Amended Complaint,[1] Verizon alleges that the City of Peoria's denial of its application violated § 332(c)(7)(B)(iii). That subsection provides:

---

[1] The Amended Complaint is document number 12 on the docket. However, because the headings on the Amended Complaint and exhibits correspond with document number 11 (Plaintiff's Motion to Amend Complaint), the Court's opinion will cite to document 11 and its exhibits.

1

(iii) Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.

47 U.S.C. § 332.

*A. The Linn Street Property*

The following facts are taken from Verizon's Amended Complaint (Doc. 12) and the attached exhibits. In 2016, Verizon sought to address gaps in its wireless coverage along the Knoxville Avenue commercial corridor. See Doc. 11-6, at 3-4 (coverage maps). This can be accomplished in two ways: building a new tower, or by locating the equipment on existing structures ("co-location"). Based on the findings of Verizon's radio frequency engineers, Verizon identified a property at 2112 N. Linn Street in Peoria, Illinois as the best location to address its coverage gaps.

David Patch is the owner of the Linn Street property, which is a 60' tall 32-unit apartment building. The building is zoned "R-6 (Multi-Family Residential)." The surrounding properties are mixed use—the parcel abutting the southern and eastern property lines of the Linn Street property is zoned "C-G (General Commercial)" and the parcels north and west of the building are zoned "R-4 (Single Family Residential)." See Doc. 11-7 (zoning map). The Linn Street property owner authorized Verizon to use the building to install Verizon's proposed wireless communications facility upon obtaining the necessary approvals for construction. The proposed co-location site would consist of nine antennas and ancillary equipment installed on the roof of the building, elevated equipment cabinets and a generator for emergency power located on the ground. See Doc. 11-8 ("before and after" photographs).

*B. The City's Ordinance*

The City's Zoning Ordinance regulates wireless telecommunications facilities. See Doc. 11-2 (Article 3 of Zoning Ordinance). Therefore, Verizon is required to obtain a Special Use Permit from the City unless it qualifies for an exemption under § 3.3(b)(2), which provides:

> (g) Co-location on existing towers or other structures. The City, as opposed to the construction of a new tower, shall prefer locating on existing towers or other structures. The City shall encourage such use by permitting collocations, which results in a height increase of less than ten (10) percent of the existing support structure, subject to administrative review. Only one administrative approval may be granted for a height increase not to exceed ten (10) percent. Such shared use shall consist only of the minimum Antenna Array technologically required to provide service primarily and essentially within the City, to the extent practicable, unless good cause is shown.
>
> CITY OF PEORIA ORDINANCE, § 3.3(b)(2)(g), Doc. 11-4, at 2.

*C. The Special Use Application*

Initially, Verizon sought to place the antennas above the existing penthouse, which would have increased the building's height from 60 feet to 70 feet. Thus, the exception above did not apply, and Verizon was required to obtain a Special Use Permit. On January 27, 2016, Verizon's agent, Insite, Inc. submitted a Special Use Application ("SUA") to the City's Site Plan Review Board ("SPRB") for the proposed wireless communications facility at the Linn Street property.[2] Docs. 11-9, 11-10 (original submission). On February 22, 2016, Verizon provided a Priority Letter to the SPRB explaining why other potential buildings were insufficient in location or height to effectively address the coverage gap. See Doc. 11-12 (Priority Letter). The same day, the City's staff notified Verizon via email that it intended to recommend a denial of Verizon's Linn Street SUA due to concerns over the antennas' proposed installation height.

---

[2] For simplicity, the Court refers to Insite as Verizon throughout this Order.

3

On March 15, 2016, the SPRB informed Verizon via email that it would recommend approval of the SUA if Verizon relocated the antennas from the west (Linn Street) side of the building to the south side. Doc. 11-15. Verizon submitted revised site plans with the recommended change, and on April 4, 2016 the SPRB recommended approval of the SUA, with certain conditions, to the Planning and Zoning ("P&Z") Commission. Doc. 11-18, at 3.

On April 7, 2016, the P&Z Commission considered Verizon's SUA and held a public hearing, which no members of the public (other than Verizon and the property owner) spoke. See Doc. 11-19 (minutes from P&Z proceeding). The Commission removed some of the SPRB's building and property maintenance conditions and recommended that the City Council approve Verizon's SUA. *Id*. On April 13, 2016, Verizon submitted revised site plans to the SPRB reflecting the requirements and conditions the Commission identified. However, on April 14 and 15, the SPRB informed Verizon that it would recommend denial of the SUA unless Verizon reinstated the conditions removed by the P&Z Commission. Verizon reinstated the conditions and resubmitted the SUA on April 19, 2016.

Verizon presented the matter to the City Council on April 26, 2016. Councilman Grayeb opened the floor for public comment, where Heart of Peoria Neighborhood Association President, Thomas Wester, spoke. The minutes from that meeting are at the heart of this dispute and are reflected in their entirety below, beginning with Mr. Wester's comments.

> Mr. Thomas Wester, President of the Heart of Peoria Neighborhood Association, said he and his neighbors worked hard to restore the quality of life within that neighborhood and he voiced his concern regarding the installation of the facility. He said there were no issues of lack of cell service in the area and the neighbors did not want to see a wireless facility in the neighborhood. He asked the Council to deny the request for the Special Use.
>
> Council Member Grayeb said he was certain Verizon would find another location, which would not be damaging to a fragile neighborhood, and he moved to deny the request to adopt Ordinance A or the Recommendation of Staff to Adopt

Ordinance B, approving a Special Use for a wireless communication facility for the property located at 2112 N. Linn Street, Peoria, IL; seconded by Council Member Jensen.

Discussions were held regarding the impact this facility would have on the neighborhood, and Mr. Wester remarked that the neighborhood was not a commercial neighborhood stating it would take away from the neighborhood's vibrancy.

Council Member Grayeb said the height of the facility would exceed what could be approved administratively. He said the facility would be visible and did not belong in a residential neighborhood. He voiced his disapproval of this item, and he asked Council to deny the item as outlined.

In response to Council Member Akeson's question on what would happen should this item be denied, Ms. Groark said Verizon would come back to look for a new location.

Council Member Montelongo inquired whether the City had a policy for cell towers or facilities in commercial and residential areas.

Community Development Director Black said the City Code had a list of priorities from high to low in terms of location for cell towers and cell service. He said the Code did not necessarily break down the location in terms of residential or commercial. He said the intent of the Code was to put an antennae on top of an existing structure. He said if that was not available, then a new tower would be erected.

Council Member Montelongo inquired whether a policy and a process could be established in order to eliminate City Council input and to let policy drive the decision.

Mayor Ardis said Verizon would come back in a week with another location. He said he would defer to the District Council Member in support of his neighborhood association.

In response to the issues identified by Council Member Akeson, Council Member Grayeb remarked that the property owners recently met with Director Black to address those issues.

Motion to DENY the request to adopt Ordinance A or the Recommendation of Staff to Adopt Ordinance B, approving a Special Use for a wireless communication facility for the property located at 2112 N. Linn Street, Peoria, IL was approved by roll call vote.
Yeas: Akeson, Grayeb, Jensen, Johnson, Montelongo, Moore, Riggenbach, Ruckriegel, Spain, Turner, Mayor Ardis - 11;

Nays: None.

Doc. 11-21, at 11-13.

*D. Verizon's Subsequent Application to the SPRB*

Following the denial of the SUA, Verizon revised its site plans by lowering the antennas' proposed installation height from 65 feet to 60 feet. Under Verizon's revised site plan the antennas would not exceed the building's height. Thus, the proposed use would fall under the City Ordinance's § 3.3(b)(2)(g) exemption for co-locations, which—as opposed to a Special Use Permit—only required administrative approval. On May 24, 2016, Verizon submitted its Building Permit Application ("BPA") to the SPRB. See Docs. 11-22, 11-23 (BPA). The SPRB disapproved Verizon's BPA in a comment on June 8, 2016. The entirety of the SPRB's denial states:

> Appendix B, Article 3.3.d.(1).(b), states that the City may disapprove an application that is in 'conflict with the historic nature or character of a neighborhood or historical district'. The Site Plan Review Board therefore defers to the action taken by the City Council that the proposed wireless communication facility is not compatible with the residential character of the neighborhood and disapproves this request. Per Section 2.7 of the Land Development Code, this decision can be appealed to the Zoning Board of Appeals within thirty (30) days of the date of determination.

Doc. 11-26.

On June 23, 2016, upon receiving notice that Verizon intended to appeal the SPRB's denial, Councilman Grayeb emailed Insite's representative at 1:37 a.m. with the following message:

> I thought the people and their representatives made it clear that the Linn site was inimical to the best interests of a fragile RESIDENTIAL neighborhood in the heart of our City. If you go forward with this ZBA appeal, and it is your right to do so, your invitation to speak to the people of University East NA may be effectively withdrawn. I will in all likelihood be handicapped in getting a decision you will like there. The Main Street Corridor sits right next to an equally vulnerable area. I can try and was willing to try. But you need to reassess your

6

company's confrontational mode and recognize how counterproductive your response could be. This will set the stage for many battles ahead which are not in the best interests of Verizon or the City of Peoria. Make no mistake-- we will protect our fragile neighborhoods and fight if you fail to respect our constituents and continued viability of our residential neighborhoods. We are familiar with the regulatory rules and also the rights we have as a City. Feel free to contact me as to your intent in view of this communique. Why come speak if you are really not going to respect our input? This will be a waste of time for all. I remain optimistic that we can work together to help Verizon do work in our great City and in my district. I can be a formidable ally for you and prefer to enact that role if given half a chance. Best wishes, Kathleen. You know I hold you in very high esteem.

Doc. 11-28, at 1-2.

*E. Verizon's Appeal of the SPRB's Decision to the ZBA.*

On July 7, 2016, Verizon appealed the SPRB's June 8, 2016 denial of the BPA to the Zoning Board of Appeals ("ZBA"). On July 15, 2016, Councilman Grayeb authored a post on his Facebook page stating that the FCC's guidelines generally disfavor locating cell towers in residential areas, guaranteeing "that more telecommunications siting requests were coming," and stating that although he recognized the need for striking a balance, "it will NOT happen when they callously disregard my constituents' reasonable and lawfully protected rights." He further noted that "Verizon Wireless in particular needs a lesson in respect for the community it serves." See Doc. 11-30.

On August 3, 2016, the SPRB recommended that the ZBA uphold its June 8 denial of Verizon's BPA. Docs. 11-29 through 11-31. According to Verizon, the SPRB's recommendation only contained Verizon's submissions for the Special Use Application, not the Building Permit Application. Verizon also contends that the SPRB failed to mention its prior recommendation to approve Verizon's SUA. Thus, on August 10, 2016, Verizon requested that the SPRB revise the "Background" section of its recommendation to the ZBA. Doc. 11-34. After the SPRB refused, Verizon orally informed the ZBA at the August 11, 2016 hearing of the facts in the letter. The

7

ZBA, by voice vote, unanimously voted to deny Verizon's appeal 6-0. Verizon alleges that, as of the filing of this case, the ZBA has not provided Verizon with its decision in writing, and has not provided Verizon with a copy of the final version of the minutes from the hearing. See Doc. 11-35 (Draft Minutes).

**LEGAL STANDARD**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. See *Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in the Federal Rules of Civil Procedure 8(e). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and all well-pleaded factual allegations are taken as true. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

**ANALYSIS**

*1. Defendants' Motion to Dismiss*

Verizon's Amended Complaint alleges that the City violated § 332(c)(7)(B)(iii) based on the following: (1) The lay opinion of the President of an adjacent Neighborhood Association that

he was unaware of any coverage issues constitutes the only evidence on record opposing Verizon's demonstrated need; (2) The Zoning Ordinance states that the City prefers communications facilities be installed on existing structures rather than new towers; (3) Despite Verizon's good faith participation in "unwieldy, highly irregular, and ever-changing procedure[s] to obtain the City's approval of its applications" and "repeated reports by City's professional planning staff that Verizon's applications met all requirements, Verizon's Building Permit Application was denied without any proper or supportable findings based upon substantial evidence contained in a written record." Doc. 11, at 16-17 (Amended Complaint). Verizon further alleges that, "the SPRB's election to 'defer' to a prior denial by the City of a different application constituted an abandonment of the SPRB's duty to administratively review Verizon's Linn St. Building Permit Application submitted on May 24, 2016."

Defendants' Motion to Dismiss argues that "[t]he instant action before this Court is the Site Plan Board and Zoning Board of Appeals order," and because the City Council's decision was not timely appealed, it "cannot be judicially reviewed by this Court." Doc. 15, at 2 (Memorandum in Support). Thus, Defendants argue that "Verizon's Amended Complaint must be dismissed because Verizon improperly attempts to have this Court review Peoria's City Council's order on April 26, 2016." *Id*. Alternatively, Defendants move to strike all portions of Verizon's Amended Complaint that pertain to actions outside the scope of the administrative proceeding before the SPRB and appeal before the ZBA. Specifically, Defendants argue:

> Verizon in its Amended Complaint delves into immaterial and prejudicial information from its special use application that was denied by the City of Peoria's City Council on April 26, 2016. Verizon's factual allegations contained in paragraphs 26-28 and 34-57 along with Exhibits D through S pertain to Verizon's first process that ultimately lead to the City Council's denial of Verizon's special use application on April 26, 2016, are not only extraneous to the second and wholly separate process that Verizon undertook seeking administrative approval of the application for zoning and building certificates for

> the wireless telecommunication system on the Linn St. property, but also prejudicial to the Defendants. Examples of extraneous and prejudicial exhibits include Facebook postings and emails sent by the district City Council member Charles Grayeb. (Exhibits X, Y, and Z).

Doc. 15, at 6.

Defendants' motion must be denied for multiple reasons. First, Defendants' argument for dismissal is misplaced. The City claims that because only one of two decisions were timely appealed, the entire Amended Complaint must be dismissed. Yet Rule 12(b)(6) deals with dismissal of *claims*, and the City admits that Verizon's first claim is a challenge to the ZBA's order, which it timely appealed. Therefore, Verizon has adequately stated a claim upon which relief may be granted. Second, the Court granted Verizon's motion to file the administrative record—over the City's objection—before the City moved to dismiss. Thus, the City's argument regarding the proper scope of the administrative record has already been considered and denied. See *Text Order* March 17, 2017. Third, because the ZBA's denial was predicated on deference to the City Council's earlier denial of Verizon's SUA, the reasons underlying the prior denial are relevant to and properly part of the administrative record.

The City's alternative request to strike also lacks merit. The contention that the two processes were "wholly separate" fails for the same reason articulated above—the ZBA's denial was predicated on deference to the City Council's earlier denial of Verizon's SUA. Finally, the City's argument about Grayeb's email and Facebook post being extraneous and prejudicial would likely have merit, but for the fact that ***the City's*** memorandum to the ZBA, which includes these statements, is part of the administrative record. See Doc. 17, at 7 (Verizon's Resp. to Defs. Mot.), Doc. 12-29 (the City's Memorandum). Accordingly, the City's motion is denied.

*2. Plaintiff's Motion Requesting Judicial Notice*

On May 1, 2017, Verizon filed a motion (Doc. 27) and affidavit (Doc. 27-1) requesting that the Court take judicial notice of the following exhibits under Federal Rule of Evidence 201:

(1) The Federal Communications Commission 911 Wireless Services Guide;
(2) The City of Peoria's Telecommunications Ordinance;
(3) Article 2.13 of the City of Peoria's Zoning Ordinance;
(4) The City of Peoria's City Council District Map;
(5) The City of Peoria's Zoning Map;
(6) Section 2.3 of the City of Peoria's Zoning Ordinance;
(7) Aerial Map of 2112-2118 N. Linn Street, Peoria, IL;
(8) City of Peoria Neighborhood Map and Boundaries;
(9) City of Peoria Historical Map.

Docs. 27-2 through 27-10.

Defendants do not object to the Court taking judicial notice of City of Peoria's Telecommunications Ordinance (Doc. 27-3), Section 2.13 of the City of Peoria's Zoning Ordinance (Doc. 27-4), and Section 2.3 of the City of Peoria's Zoning Ordinance (Doc. 27-7). Therefore, the Court will take judicial notice of the uncontested exhibits.

Defendants ask the Court to strike the Rosenthal Affidavit (Doc. 27-1) because, "[b]eyond the mere fact that Mr. Rosenthal is an attorney who visited the various websites and downloaded contents from them, there is nothing in Mr. Rosenthal's declaration that would indicate that he has personal knowledge on the accuracy of the documents that Verizon purports them to be." Doc. 28, at 3. Because the Rosenthal Declaration is submitted in support of the various exhibits Verizon requests the Court judicially notice, the Court will examine the exhibits individually rather than striking portions of the declaration in support.

First, Defendants object to the FCC 911 Wireless Service Guide, which states that "[t]he number of 911 calls placed by people using wireless phones has significantly increased in recent years. It is estimated that about 70 percent of 911 calls are placed from wireless phones, and that

percentage is growing." Doc. 27-2. Defendants argue that "Verizon's request for judicial notice of blanket statements contained in the consumer guide should be denied because judicial notice is proper *only* when the matter is *beyond* reasonable controversy." Doc. 28, at 4. Because the exhibit is already part of Verizon's Amended Complaint, the Court will not take judicial notice of the facts contained therein. Rather, both parties will have the opportunity to argue about the accuracy and relevance of the FCC document in their summary judgment briefs.

Defendants also object to the City of Peoria's City Council District Map (Doc. 27-5). Specifically, Defendants point to Shannon Techie, a Senior Urban Planner with 9 years of experience, who submitted an affidavit (Doc. 28-1) stating that the District Map is an outdated redistricting map that was not current in 2016. Because a reasonable dispute exists as to the accuracy of the document, the Court will not take judicial notice of it at this time.

Defendants further object to the City of Peoria Zoning Map (Doc. 27-6). The Techie Affidavit asserts that the map is from 2009 and was not current and accurate in 2016. For the same reasons, the Court declines to take judicial notice of this exhibit.

Defendants object to the Google Aerial Map of the Linn Street Property (Doc. 27-8) because of an overlay showing the distance between the Linn Street property and another building. The distance between two buildings is a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Indeed, Defendants do not actually question the accuracy of the measurement. Accordingly, the Court will take judicial notice of the Google Aerial map.

Defendants object to the City of Peoria Neighborhood Map (Doc. 27-9) because the Techie Affidavit asserts that the exhibit contains incorrect boundaries. Because the accuracy of

the map is reasonably questioned, the Court declines to take judicial notice of the exhibit at this time.

Finally, Defendants object to the City of Peoria Historic Districts Map and Landmarks (Doc. 27-10). The Techie Affidavit states that the map is correct, but the landmark information is not. Because the accuracy of the exhibit is reasonably questioned, the Court declines to take judicial notice of the exhibit at this time. Verizon's Motion Requesting Judicial Notice is granted as to Docs. 27-3, 27-4, 27-7, and 27-8.

## CONCLUSION

For the reasons stated above, Defendants' Motion [14] to Dismiss or Strike Plaintiff's Amended Complaint is DENIED, and Plaintiff's Motion [27] Requesting Judicial Notice is GRANTED in part and DENIED in part.

Signed on this 16th day of May, 2017.

                              s/ James E. Shadid
                              James E. Shadid
                              Chief United States District Judge